# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00648-CV

### Debra Porter, Appellant

### v.

### Gale Miller Barnes; Sheri Miller; Renee Hawkins; Marcus Hawkins; Alyce Hilton Johnson; Clyde Hilton; Demotrios Hilton; Howard Phearse; Keino Remi Phearse; Kay Phearse; Al Gene Hogg; Donny Hogg; Joslyn Hogg; Roslyn Hogg; Lonnie Houston; Jamar Houston; Tavares Houston; Winifred Thorns Gilden; Andra Blake; James Thorns; Murray Lee Thorns; Abner Thorns; Nathaniel Thorns; Joseph Thorns; Joy Fay Janie Thorns; Willis A. Bolden; Unknown Heirs of Charlotte Houston, deceased; Unknown Heirs of Jessie Thorns, deceased; Unknown Heirs of Charlie Thorns, deceased; Unknown Heirs of Susan McDowell, deceased; and Curtis Capps, Appellees

---

### FROM THE 21ST DISTRICT COURT OF LEE COUNTY
### NO. 16,266, THE HONORABLE CARSON TALMADGE CAMPBELL, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

On September 13, 2022, the trial court signed a final judgment of partition in the underlying proceeding. Debra Porter, who is acting pro se,[1] filed a notice of appeal on October 11, 2022, and "Appellant's brief" on February 22, 2023. Her notice of appeal does not identify the judgment or order from which she is appealing. In her two-page brief, she appears to

---

[1] We must hold Porter to the same standards as parties represented by counsel. *See Shockey v. Yalk*, No. 07-22-00128-CV, 2023 Tex. App. LEXIS 938, at *2 (Tex. App.—Amarillo Feb. 14, 2023, no pet.) (mem. op.) (explaining that "pro se appellant is held to the same standard as an attorney and must comply with the Texas Rules of Appellate Procedure").

be seeking reimbursement of ad valorem taxes that she paid on behalf of others concerning the property that was at issue before the trial court, but the brief does not cite the appellate record or any authorities or otherwise comply with the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 38.1 (stating required content for appellant's brief).

Curtis Capps,[2] who was an intervenor in the trial court, filed a motion to dismiss the appeal because Porter has failed to comply with the Texas Rules of Appellate Procedure by not complying with briefing requirements, including not identifying the order or judgment being appealed or the parties whom the appeal was against. *See id.* Porter filed a one-paragraph response to the motion to dismiss, restating her request to be reimbursed for ad valorem taxes, but she did not amend her brief or otherwise clarify her complaints on appeal.

Briefing rules are construed liberally such that substantial compliance is sufficient, but an appellate court may require a brief to be amended if the court determines that the briefing rules have been "flagrantly violated." *See id.* 38.9(a). Further, after providing a party a chance to correct briefing error, the court may strike a non-compliant brief and proceed as if no brief was filed. *See id.* ("If another brief that does not comply with this rule is filed, the court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief."); *Shockey v. Yalk*, No. 07-22-00128-CV, 2023 Tex. App. LEXIS 938, at *3–4 (Tex. App.—Amarillo Feb. 14, 2023, no pet.) (mem. op.) (striking non-compliant brief and proceeding as if no brief was filed). When this occurs, we may dismiss the appeal for want of prosecution. *See* Tex. R. App. P. 38.8(a)(1); *Shockey*, 2023 Tex. App. LEXIS 938, at *4

---

[2] In his motion, Capps explains that there are only two owners of the property at issue—Capps and Porter—and that Willis Bolden conveyed his interest in the property to Capps. The clerk's record shows that the trial court entered an order in July 2022 based on a Rule 11 Agreement between Capps and Porter concerning the partition of the property and then signed the final judgment of partition in September 2022 consistent with its earlier order.

(dismissing appeal for want of prosecution after striking non-compliant brief); *Porter v. Kennard Law PC*, No. 01-22-00153-CV, 2022 Tex. App. LEXIS 7730, at *16 (Tex. App.—Houston [1st Dist.] Oct. 20, 2022, pet. denied) (mem. op.) (same); *Tucker v. Fort Worth & W. R.R.*, No. 02-19-00221-CV, 2020 Tex. App. LEXIS 5225, at *3 (Tex. App.—Fort Worth June 18, 2020, pet. denied) (mem. op.) (same).

On June 20, 2023, the Clerk of this Court notified Porter that her brief did not comply with Rule 38.1, specifically advising her:

> The brief does not identify the parties to the trial court's judgment being appealed or the names and addresses of all trial and appellate counsel; it does not contain an index of authorities; it does not contain a statement of the case supported by record references; it does not contain a clear and concise argument for the contentions made, with appropriate citations to authorities and the record; and it does not contain an appendix with the trial court's judgment from which relief is sought.

*See* Tex. R. App. P. 38.1. We directed Porter to file an amended brief within fifteen days and advised her that the failure to do so would result in this Court striking her non-compliant brief and proceeding as if she failed to file a brief. Appellant filed a motion for extension to file an amended brief, which this Court granted. Her deadline to file an amended brief was August 4, 2023. To date, she has not filed an amended brief.

Accordingly, we strike Porter's non-compliant brief and dismiss this appeal for want of prosecution.[3] *See* Tex. R. App. P. 42.3(b), (c).

---

[3] We dismiss Capps's pending motion to dismiss as moot.

_____

                      Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Dismissed for Want of Prosecution

Filed:   August 15, 2023